UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODNEY SMITH, LTD., <br><br> Plaintiff, <br><br> v. <br><br> DOTDASH MEREDITH, INC., <br><br> Defendant. | Civil Action No.: |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, RODNEY SMITH, LTD. ("RSL" or "Plaintiff"), brings this complaint in the United States District Court for the Southern District of New York against DOTDASH MEREDITH, INC. ("Dotdash" or "Defendant"), alleging as follows:

**THE PARTIES**

1. RSL is Corporation headquartered in Palisades, New York. Rodney Smith ("Smith") was an experienced, commercial photographer of over forty-eight years, specializing in portrait and landscape photography. Smith's distinct style is whimsical, surreal, classical, timeless, romantic, humorous, and serene, blending location, model, and stylist. Smith captured images on film without any retouching. Smith's work continues to be shown at museums and galleries such as Staley-Wise Gallery, J Paul Getty Museum, National September 11 Museum, Museum of Fine Arts, Boston, and the University of Virginia, Bayley Museum. Smith's work is sought after by private collectors as well. RSL is the assignee of Smith's copyrighted photographs.

2. Defendant is a Corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York. Defendant's agent for

service of process is C.T. Corporation System and may be served at: 28 Liberty Street, New York, New York 10005.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because Defendant has maintained sufficient minimum contacts with the State of New York and as a result the exercise of personal jurisdiction over Defendant by this Court would not offend traditional notices of fair play and substantial justice.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district: "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."

## FACTS

I. The Photographs at Issue in this Lawsuit

6. In March 2011, Smith captured the photograph, "TRU2998037," ("Copyrighted Photograph 1") a copy of which is exhibited below:



7. In August 2012, Smith captured the photographs, "MSW-0812- 011 -09 R," "MSW - 0812-038-03," "MSW-0812-083-15," "MSW-0812-091-13," "MSW-0812-021-02," "MSW-0812-109-18," "TRU2998066," "MSW-0812-070-13," "MSW-0812-100-14," "MSW-0812-025-02," "MSW-0812-078-15," and "MSW-0812-048-04," ("Copyrighted Photographs 2-13") copies of which are exhibited below:





 

8. In October 2013, Smith captured the photographs, "TRU2997966," and "TRU2281470," ("Copyrighted Photographs 14 and 15") copies of which are exhibited below:

 

9. Copyrighted Photograph 1 was registered by RSL with the United States Copyright Office on February 8, 2021 (Registration No. VA 2-239-158).

10. Copyrighted Photographs 2, 3, 6, 7, 8, 10, and 12 were registered by RSL with the United States Copyright Office on February 8, 2021 (Registration No. VA 2-239-159).

11. Copyrighted Photographs 4, 5, 9, 11, and 13 were registered by RSL with the United States Copyright Office on June 8, 2023 (Registration No.: VA 2-354-294).

12. Copyrighted Photographs 14 and 15 were registered by RSL with the United States Copyright Office on February 8, 2021 (Registration No.: VA 2-239-160).

13. Plaintiff is the exclusive copyright holder of all copyright rights in and to Copyrighted Photographs. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**II.    Defendant's Unlawful Activities**

14. Defendant is a media company who owns and operates multiple brands, including but not limited to Martha Stewart and Real Simple.

15. Defendant owns, operates, and is solely responsible for the content posted to its commercial websites, www.marthastewart.com, and www.realsimple.com.

16. Defendant maintains corresponding commercial social media accounts on various platforms. Defendant operates commercial Pinterest accounts under the handles "@MarthaStewart," "@MarthaStewartLiving," and "@MarthaStewartWeddings."

17. Starting on or around September 20, 2018, Defendant copied and posted Copyrighted Photographs to its commercial websites, www.marthastewart.com/7872716/light-as-air-wedding-dresses, www.marthastewart.com/7935108/best-wedding-dress-shopping-tips, www.realsimple.com/work-life/women-irl, www.realsimple.com/ad-tags/carnation, www.realsimple.com/work-life/life-strategies/start-your-day, www.realsimple.com/work-life/life-strategies/life-balance-0, and www.realsimple.com/health/mind-mood/self-help:

















   

   

   


















18. As early as March 30, 2014, Defendant copied and posted Copyrighted Photographs to its @MarthaStewartWeddings social media feed, www.pinterest.com/pin/255931191298710502/ and www.pinterest.com/pin/86764730300113123/:





19. On or about June 1, 2021, Defendant copied and posted Copyrighted Photographs to its @MarthaStewart social media feed, www.pinterest.com/pin/474566879493602962/ and www.pinterest.com/pin/474566879493602921/:





20. Defendant is not and has never been licensed to use or display Copyrighted Photographs for use in digital media and social media use.

21. Defendant previously contacted Plaintiff to seek permission to use Copyrighted Photographs 2-13 in connection with its magazine publication, Martha Stewart Weddings, for print use only.

22. Defendant is not and has never been licensed to use Copyrighted Photographs 1, 14, and 15 in any way.

23. Upon information and belief, Defendant located copies of Copyrighted Photographs on the internet and, rather than contact Plaintiff to secure original or additional licenses as needed, simply copied Copyrighted Photographs for its own commercial use.

24. Plaintiff first discovered Defendant's unauthorized use/display of Copyrighted Photographs on June 23, 2022.

25. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

26. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of Copyrighted Photographs.

## COUNT I: COPYRIGHT INFRINGEMENT

27. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

28. Copyrighted Photographs are original works of authorship, embodying copyrightable subject matter, and therefore subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

29. Rodney Smith, Ltd. owns a valid copyright in Copyrighted Photographs, having registered Copyrighted Photographs with the Register of Copyrights.

30. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright.

31. Defendant reproduced, distributed, and publicly displayed Copyrighted Photographs without authorization from Plaintiff.

32. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying Copyrighted Photographs for its own commercial purposes.

33. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

34. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

35. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of Copyrighted Photographs and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)),

Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of Copyrighted Photographs, which amounts shall be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in Copyrighted Photographs;

b. An award of actual damages and disgorgement of profits as the Court deems proper or for infringement of each photograph comprising the Work.

c. Awarding Plaintiff its costs and (if applicable) reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market Copyrighted Photographs or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: May 27, 2025                                             **The Law Office of David C. Deal, P.L.C.**

*/s/ David C. Deal*
David C. Deal
117 4th Street NE
Charlottesville, VA 22902
Telephone: (434) 261-2704
Email: david@daviddeal.com
*Counsel for Plaintiff*